IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DIANE BAKER, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| vs. | ) CIVIL NO. 10-283-GPM |
| | ) |
| **JOHNSON & JOHNSON, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

### I. INTRODUCTION

By order entered April 21, 2010, the Court directed the parties to this case, which is before the Court on removal from Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, to show cause why this case should not be remanded to state court for lack of federal subject matter jurisdiction. Plaintiffs, who claim to have suffered personal injuries as a result of using Levaquin, a prescription medication manufactured and distributed by Defendants, now have filed a motion for remand of this case to state court (Doc. 11). Defendants have filed a brief in response to the April 21 order. In the April 21 order the Court outlined the nature of the claims in this case and the procedural history of the case and set out in detail the reasons that the Court does not believe that federal jurisdiction exists in this case pursuant to either 28 U.S.C. § 1331, so-called "federal question" jurisdiction, or 28 U.S.C. § 1332, jurisdiction based upon diversity of citizenship. *See Baker v. Johnson & Johnson*, Civil No. 10-283-GPM, 2010 WL 1802171 (S.D. Ill. Apr. 21, 2010). The Court sees no reason to repeat that recitation here. Accordingly, in

this Order, in which the Court grants Plaintiffs' motion for remand of this case to state court, the Court will merely address certain points raised by Defendants in their response to the April 21 order to show cause.

## II. ANALYSIS

### A. Legal Standard

As an initial matter, the Court notes the standard under which it must evaluate Plaintiffs' motion for remand. Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Defendants in this case, as the proponents of federal subject matter jurisdiction, have the burden of establishing such jurisdiction. *See Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 835 (S.D. Ill. 2006) (citing *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006)); *Brooks v. Merck & Co.*, 443 F. Supp. 2d 994, 998 (S.D. Ill. 2006). "'Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum.' Put another way, there is a strong presumption in favor of remand." *Asperger v. Shop Vac Corp.*, 524 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) (quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)) (internal citation omitted). *See also Alexander v. SmithKline Beecham Corp.*, No. 09-1072-DRH, 2010 WL 750031, at *5 (S.D. Ill. Mar. 3, 2010) ("[D]oubts about the propriety of removal are to be resolved in favor of remand."); *Littleton v. Shelter Ins. Co.*, No. 99-912-GPM, 2000 WL 356408, at *1 (S.D. Ill. Mar. 9, 2000) ("The removal statute, 28 U.S.C. § 1441, is construed narrowly, and doubts concerning removal are resolved in favor of remand.").

### B. Federal Question Jurisdiction

The Court turns first to the matter of whether this case presents a substantial question of federal law for purposes of removal pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441(c) by virtue of Plaintiffs' assertion of a claim of negligence per se based upon alleged violations of a federal regulation by Defendants. As the Court discussed in its April 21 order, a case in which a breach of a duty created by federal law is merely an element of a claim arising under state law is not removable to federal court as an action "arising under" federal law within the meaning of Section 1331. *See Baker*, 2010 WL 1802171, at *2 (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 701 (2006)) ("[I]t takes more than a federal element to open the 'arising under' door[.]") (internal citation omitted). *See also Bennett v. Southwest Airlines Co.*, 484 F.3d 907, 912 (7th Cir. 2007) (quoting 28 U.S.C. § 1331) ("That some standards of care used in tort litigation come from federal law does not make the tort claim one 'arising under' federal law."); *Fuller v. BNSF Ry. Co.*, 472 F. Supp. 2d 1088, 1094-96 (S.D. Ill. 2007) (a claim of negligence per se based on a violation of a federal regulation governing railroad safety did not present a substantial federal question for purposes of removal). The Court remains persuaded that this case arises under state law, not federal law.[1]

---

1. Also, the Court notes in passing that, even were it the case that Plaintiffs' claim for negligence per se arises under federal law, and it does not, it likely would be an abuse of the Court's discretion not to remand to state court the remainder of the case, which Defendants concede arises solely under state law. *See* 28 U.S.C. § 1441(c) (providing that, in a case removed on the basis of a separate and independent federal claim, a court "in its discretion, may remand all matters in which State law predominates"); *Dudley v. Putnam Inv. Funds*, Civil No. 10-327-GPM, 2010 WL 1756882, at *3 n.2 (S.D. Ill. May 3, 2010) (citing *Carl Heck Eng'rs, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133, 136 (5th Cir. 1980)) ("[W]here a case is removed on the basis of a separate and independent claim arising under federal law, it is advisable to remand the non-federal portion of the case to state court[.]").

The gist of Defendants' response to the Court's April 21 order is chiefly that in the order the Court gave no weight to *In re Zyprexa Products Liability Litigation*, 375 F. Supp. 2d 170 (E.D.N.Y. 2005). This is true, but it also is irrelevant. The opinion of a sister federal trial court is not binding on this Court. *See Colby v. J.C. Penney Co.*, 811 F.2d 1119, 1123-24 (7th Cir. 1987); *Dudley v. Putnam Inv. Funds*, 472 F. Supp. 2d 1102, 1105 (S.D. Ill. 2007). Moreover, the Court finds *Zyprexa* unpersuasive and at odds with decisions of the United States Court of Appeals for the Seventh Circuit such as *Bennett*, which, unlike *Zyprexa*, the Court is required to follow. *See United States v. Glaser*, 14 F.3d 1213, 1216 (7th Cir. 1994); *United States v. Burke*, 781 F.2d 1234, 1239 n.2 (7th Cir. 1986). The Court also disagrees with Defendants that the meaning of a federal law is in dispute in this case; instead, what is disputed is whether Defendants conformed their behavior to a federal regulation. Finally, concerning Defendants' objection to the Court's observation in the April 21 order that suits alleging, as here, personal injuries caused by prescription drugs commonly involve allegations of breaches of duties created by regulations promulgated by the Food and Drug Administration and other federal agencies, it is astonishing to the Court that such an elementary proposition should be at all controversial. In *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005), the Court specifically noted that "[t]he violation of federal statutes and regulations is commonly given negligence per se effect in state tort proceedings." *Id*. at 318. *See also Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 812 (1986) (observing that it squares neither with judicial economy nor the intent of Congress to conclude that a case is removable "solely because the violation of [a] federal statute is said to be a 'rebuttable presumption' or a 'proximate cause' under state law."). The Court does not have subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1331.

### C. Diversity Jurisdiction

The Court turns last to the matter of whether federal jurisdiction is proper pursuant to 28 U.S.C. § 1332, which grants federal courts original jurisdiction in cases in which there is complete diversity of citizenship among the parties to a case and in which an amount in excess of $75,000, exclusive of interest and costs, is in controversy. *See Baker*, 2010 WL 1802171, at *3. It is undisputed that complete diversity of citizenship is lacking as between two of the sixty Plaintiffs in this case and at least one Defendant. Defendants urge the Court to sever the claims in this case to create complete diversity, contending that the Court, in evaluating its jurisdiction, has a duty to inquire into the propriety of the joinder of claims in this case. The Court does not agree. It is well settled that issues concerning joinder and subject matter jurisdiction are separate and distinct, such that joinder under Rule 20 of the Federal Rules of Civil Procedure has no bearing on the existence of federal jurisdiction and the rules governing joinder cannot be employed, as Defendants contend, to enlarge the scope of such jurisdiction. "[T]he federal courts traditionally have held that matters of state civil procedure, including . . . joinder of parties and claims, have no bearing on the existence or nonexistence of federal subject matter jurisdiction in a given case . . . . The lower federal courts likewise traditionally have recognized that '[t]he question of jurisdiction cannot be determined by the rules of joinder.'" *Rutherford v. Merck & Co.*, 428 F. Supp. 2d 842, 851 (S.D. Ill. 2006) (quoting *Smith v. Abbate*, 201 F. Supp. 105, 113 (S.D.N.Y. 1961)). *See also Bavone v. Eli Lilly & Co.*, Civil No. 06-153-GPM, 2006 WL 1096280, at *3 (S.D. Ill. Apr. 25, 2006) (noting that "[n]othing in the jurisprudence of the Supreme Court of the United States . . . suggests that the joinder of non-fraudulent claims under state procedural rules is a question that implicates the subject matter jurisdiction of a federal court.").

While it is the case that, as masters of their complaint, plaintiffs may use Rule 21 of the Federal Rules of Civil Procedure to dismiss non-diverse parties from an action to preserve diversity jurisdiction, that rule has not been used in the reverse, however, to dismiss plaintiffs with viable, non-fraudulent claims, over their objections, solely to permit a defendant to acquire federal jurisdiction and remove the proceeding from the state forum in which it was originally brought. In fact, the Seventh Circuit Court of Appeals has spoken very clearly to this question, stating, in relevant part:

> Even if the [non-diverse parties] were added to prevent removal, that is their privilege; plaintiffs as masters of the complaint may include (or omit) claims or parties in order to determine the forum. Neither § 1332 nor any case of which we are aware provides that defendants may discard plaintiffs in order to make controversies removable. It is enough that the claims be real, that the parties not be nominal.

*Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000) (citations omitted). *See also* 13F Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3641.1 (3d ed. 1998 & Supp. 2009) ("[I]n cases in which the plaintiff attempts to defeat federal subject matter jurisdiction by the joinder of a nondiverse plaintiff, the federal courts will allow the transaction . . . if that person is deemed a real party in interest[.]") (collecting cases). It is apparent from the record of this case that diversity jurisdiction existed neither when the case was filed nor when it was removed. *See Kanzelberger v. Kanzelberger*, 782 F.2d 774, 776 (7th Cir. 1986) (citing 28 U.S.C. § 1441(a)) ("[T]he required diversity must exist both when the suit is filed . . . and when it is removed[.]"); *Tullis v. Wal-Mart Stores, Inc.*, Civil No. 09-935-GPM, 2009 WL 3756640, at *2 (S.D. Ill. Nov. 9, 2009) (testing the issue of complete diversity of citizenship both at the time a case was filed and the time it was removed). The Court finds that complete diversity of citizenship does not exist in this case.

### III. CONCLUSION

Plaintiffs' motion for remand (Doc. 11) is **GRANTED**. Defendants' motion to sever the claims in this case (Doc. 8) is **DENIED as moot**. Pursuant to 28 U.S.C. § 1447(c), this case is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, for lack of federal subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED: May 26, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge